Robert E. Krebs, *Pro Hac Vice to be submitted*
Ronald F. Lopez, *Pro Hac Vice to be submitted*
Christopher L. Ogden, *Pro Hac Vice to be submitted*
**NIXON PEABODY LLP**
2 Palo Alto Square, 3000 El Camino Real, Suite 500
Palo Alto, California 94306-2106
Telephone: (650) 320-7700
Fax: (650) 320-7701
Email: rkrebs@nixonpeabody.com
        rflopez@nixonpeadbody.com
        cogden@nixonpeabody.com

Kenneth D'Alessandro (Nevada Bar No. 5273)
W. West Allen (Nevada Bar No. 5566)
**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Fax: (702) 949-8365
Email: kdAlessandro@lrlaw.com
        wallen@lrlaw.com
Attorneys for Defendant
PIXCIR MICROELECTRONICS CO. LTD

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ELAN MICROELECTRONICS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PIXCIR MICROELECTRONICS CO., LTD.,<br><br>Defendant. | CASE NO: 2:10-CV-00014-GMN-PAL<br><br>**MOTION TO DISMISS BY PIXCIR MICROELECTRONICS CO. FOR LACK OF PERSONAL JURISDICTION** |

Pursuant to rule 12(b)(2) of the Federal Rules of Civil Procedure, and through special and limited appearance for the purpose of challenging jurisdiction, Pixcir Microelectronics Co. Ltd. ("Pixcir") hereby moves to dismiss this action for lack of personal jurisdiction.

Pixcir bases this motion on the pleadings and records on file herein, its Memorandum of Points and Authorities, the Declaration of Vincent Fuentes filed concurrently herewith, and any

oral or documentary evidence or argument as may be presented at any hearing and/or requested by the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Pixcir brings this motion to dismiss because it has no contacts with the state of Nevada sufficient to subject it to the jurisdiction of this Court. Pixcir, a Chinese company with no U.S. operations, was served in China through a letter rogatory. Pixcir conducts no business in Nevada, and does not reside in Nevada or have any employees in the state. No Pixcir employees or representatives have visited Nevada for any purpose, including attendance at trade shows, related to this cause of action. There are no contacts sufficient to link Pixcir to the state of Nevada to establish personal jurisdiction.

Elan Microelectronics Corporation ("Elan") accuses Pixcir of infringing U.S. Patent No. 5,825,352 by allegedly using, offering for sale, selling, or marketing Pixcir's TANGO S32 capacitance touch controller IC, and allegedly inducing or contributing to the direct infringement by others. However, this Court has no basis to exercise personal jurisdiction over Pixcir for this cause of action. There is no *general* jurisdiction because Pixcir has no facilities, operations, or employees in Nevada, and therefore has no continuous and systematic contacts with the forum. Pixcir has no *specific* jurisdiction because Pixcir has committed no acts within the state of Nevada relating to the TANGO S32, nor has it purposefully availed itself of the benefits of conducting activities within the forum.

Because there is neither general nor specific jurisdiction, and Pixcir has no minimum contacts with the state of Nevada, it would be fundamentally unfair to subject Pixcir to the jurisdiction of this Court. Therefore, this Court should dismiss this action for lack of personal jurisdiction.

**II.    FACTS**

Pixcir is a Chinese company based in Suzhou, China. (*See* Fuentes Decl.[1] at 1.) The company does not maintain, and has never maintained, operating facilities in the state of Nevada,

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

1   (*see id.*) and has never had employees in the state of Nevada (*see id.* at 2). Pixcir has never sent

2   any of its employees to the state of Nevada to use, offer for sale, sell, market, or import the

3   TANGO S32 controller. (*See* Fuentes Decl. at 2.)

4        The 2009 Consumer Electronics Show ("CES 2009") was held in Las Vegas in January

5   2009. (*See* Fuentes Decl. at 2.) Pixcir did not have a booth at this event, and did not display the

6   TANGO S32, which had not at the time been sold within the United States. (*See id.*)

7        The 2010 Consumer Electronics Show ("CES 2010") was held in Las Vegas in January

8   2010. (*See* Fuentes Decl. at 2.) However, Pixcir did not register for that event, had no booth at the

9   event, and none of its employees even attended. (*See id.*) Elan filed its complaint during the 2010

10   CES, but was unable to effect service within the state of Nevada or the United States. Service was

11   effected on May 26, 2010 in Suzhou, China by means of a letter rogatory.

12   **III.   ARGUMENT**

13        Elan has the burden to demonstrate that the Court has personal jurisdiction over Pixcir. *See*

14   *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). To avoid dismissal on the

15   pleadings, Elan must make "a prima facie showing of facts supporting jurisdiction through its

16   pleadings and affidavits to avoid dismissal." *Glencore Grain Rotterdam B.V. v. Shivnath Rai*

17   *Harnarain Co.,* 284 F.3d 1114, 1119 (9th Cir. 2002). The Court accepts as true any

18   uncontroverted allegations in the Complaint. *See id.* However, for personal jurisdiction purposes,

19   the Court "may not assume the truth of allegations in a pleading which are contradicted by

20   affidavit." *Leber v. Berkley Vacation Resorts, Inc.*, No. 2:08-cv-1752-PMP-PAL, 2009 U.S. Dist.

21   LEXIS 66928, at *9 (D. Nev. July 27, 2009) (citing *Alexander v. Circus Circus Enters., Inc.*, 972

22   F.2d 261, 262 (9th Cir. 1992)).

23        A federal district court may exercise either general or specific personal jurisdiction. *See*

24   *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414-15 (1984). In this case, the

25   Court has neither general nor specific jurisdiction, and therefore the Court should dismiss Pixcir.

26   / / /

27

28

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

---

[1]  Declaration of Vincent Fuentes in Support of Motion by Pixcir Microelectronics Co. Ltd. to Dismiss for Lack of Peraonal Jurisdiction ("Fuentes Decl."), filed herewith.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### A.    This Court Has No General Jurisdiction Because Pixcir Has No Continuous and Systematic Contacts With Nevada.

To establish general personal jurisdiction, the plaintiff must demonstrate the defendant has sufficient contacts to "constitute the kind of continuous and systematic general business contacts that 'approximate physical presence.'" *Glencore Grain,* 284 F.3d at 1124 (quoting *Bancroft & Masters. Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000), *modified, Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,* 433 F.3d 1199, 1207 (9th Cir. 2006)). Courts consider such factors as whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there. *Leber*, 2009 U.S. Dist. LEXIS 66928, at *10 (citing *Bancroft,* 223 F.3d at 1086).

In this case, Pixcir has no continuous and systematic business contacts in this District. Pixcir is a foreign company with no office, facilities, employees, or other continuous presence in the state of Nevada. (Fuentes Decl. at 1–2.) Therefore, this Court has no general jurisdiction over Pixcir.

### B.    This Court Has No Specific Jurisdiction Because Pixcir Has No Minimum Contacts with Nevada Relating to the Cause of Action.

This Court does not have *specific* jurisdiction over Pixcir, either. To satisfy the federal Due Process Clause, a nonresident defendant must have "minimum contacts" with the forum state so that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Pebble Beach Co.,* 453 F.3d at 1155 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)). Specific jurisdiction may only arise if: (1) the defendant has performed some act or transaction within the forum or purposefully availed himself of the privileges of conducting activities within the forum, (2) the plaintiff's claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction over the defendant is reasonable. *See Pebble Beach Co.*, 453 F.3d at 1155-56; *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995) ("If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law.").

/ / /

1    In this case, the Court does not have jurisdiction because Pixcir has not performed any act
2    or transaction within the state of Nevada related to Elan's cause of action. Elan's patent claim
3    relates to Pixcir's TANGO S32 controller, which Elan accuses of infringement. (*See* Complaint
4    ¶¶ 10–12.) However, neither Pixcir nor its employees or representatives have taken any action
5    within the state of Nevada relating to the TANGO S32 controller. (*See* Fuentes Decl. at 1–2.)

6    Nor has Pixcir purposefully availed itself of the privilege of conducting activities in
7    Nevada relating to the TANGO S32. Pixcir has not, for example, attended the Computer
8    Electronics Show or any other trade show in Nevada for the purpose of using, offering for sale,
9    selling, or marketing the TANGO S32. (Fuentes Decl. at 2.) Elan has provided no evidence or
10   even any specific allegation that Pixcir has ever purposefully directed its activities relating to the
11   TANGO S32 toward the state of Nevada. Therefore, this Court does not have specific jurisdiction
12   over Pixcir, and this action should be dismissed.

13   **IV.    CONCLUSION**

14   For the above reasons, Pixcir respectfully requests that this Court dismiss this action for
15   lack of personal jurisdiction.

16   DATED:  October 4, 2010.

17                                              Respectfully submitted,

18                                              LEWIS AND ROCA LLP

19
                                                By: /s/  W. West Allen
20                                              Kenneth D'Alessandro
                                                W. West Allen
21                                              John L. Krieger
                                                3993 Howard Hughes Parkway, Suite 600
22                                              Las Vegas, Nevada 89169
                                                (702) 949-8200
23

24                                              Robert E. Krebs, *Pro Hac Vice to be submitted*
                                                Ronald F. Lopez, *Pro Hac Vice to be submitted*
25                                              Christopher L. Ogden, *Pro Hac Vice to be submitted*
                                                NIXON PEABODY LLP
26                                              2 Palo Alto Square, 3000 El Camino Real, Suite 500
                                                Palo Alto, California 94306-2106
27

28                                              Attorneys for Defendant
                                                Pixcir Microelectronics, Co. Ltd

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to Fed. R. Civ. P. 5(b), I certify that I am an employee of LEWIS AND ROCA LLP. and that on this day I caused the document entitled **MOTION TO DISMISS BY PIXCIR MICROELECTRONICS CO. FOR LACK OF PERSONAL JURISDICTION** to be served as follows:

[ ]     by placing same to be deposited for mailing in the United States Mail, in a
        sealed envelope upon which first class postage was prepaid in Las Vegas,
        Nevada; and/or

[ ]     Pursuant to Fed. R. Civ. P. 5(b)(2)(D), to be sent via facsimile;

[ ]     to be hand-delivered; and/or

[X]     by U.S. District Court ECF electronic transmission to the attorneys of record.

Dated this 4th day of October, 2010.

/s/ Jennifer L. Bryan
Jennifer L. Bryan
An employee of Lewis and Roca LLP

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169