UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

ELAN MICROELECTRONICS
CORPORATION,

                    Plaintiff,

        vs.                                              No. 2:10-cv-00014-GMN-(PAL)

PIXCIR MICROELECTRONICS CO. LTD.,

                    Defendant.

## ""STIPULATED PROTECTIVE ORDER

        In order to facilitate and expedite discovery in the above-captioned action, and pursuant to Fed. R. Civ. P. 26(c), the parties hereto, by stipulation of their undersigned counsel, have agreed to abide by the terms set forth herein.

        1.      **Designation and Marking of Protected Information**. Any party or nonparty from whom discovery in this matter is sought (the "Designating Party") may designate any information, document or thing being produced or disclosed, whether formally or informally, including, but not limited to, answers to interrogatories, documents, transcripts of depositions, responses to requests for admissions, and any other discovery or disclosure made in this litigation as "CONFIDENTIAL," "CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "CONFIDENTIAL—SOURCE CODE" for handling as specified by this Protective Order. The designations "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL—SOURCE CODE" are sub-classifications of Protected Information and the three designations, CONFIDENTIAL, "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL—SOURCE CODE" are collectively referred to as "Protected Information."

        1.1     **Protected Information**. Protected Information shall include, *inter alia*, any document, thing, or witness testimony that the Designating Party believes in good faith

STIPULATED PROTECTIVE ORDER

constitutes or embodies matter used by it in or pertaining to its business, which matter is not generally known and which the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence. Protected Information further includes, but is not limited to, technical information such as product specifications or technical information, trade secrets, formulas, research and development information, customer lists, sales and cost information, and pricing information, patent-license agreements, or information that was generated in connection with, or reveals the content of, patent licensing negotiations, information that a party has treated as confidential and is not subject to public disclosures; information within the definition of trade secret as set forth in Section 1(4) of the Uniform Trade Secret Act (1985); and any other information that would qualify as confidential pursuant to FRCP 26(c)(7) or any other applicable legal standard.

      1.2     The Designating Party shall designate such Protected Information as CONFIDENTIAL by affixing to it, in a manner that shall not interfere with its legibility, the words CONFIDENTIAL, on all or any part of the document or thing. Any summary, compilation or copy of any document or thing so designated as CONFIDENTIAL shall be treated as provided by this Order. The CONFIDENTIAL designation shall, whenever practicable, be made prior to, or contemporaneously with, production or disclosure, except in the case of depositions, which shall be designated as set forth in ¶¶ 12, 13 and 14 below.

      1.3     HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY. To the extent a Designating Party believes that certain Protected Information is so sensitive that its dissemination deserves further limitation, the Designating Party may additionally designate such information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY. For Protected Information so designated, access to, and disclosure of such Protected Information shall be limited to the individuals listed in ¶¶ 3.1, 3.2, 3.3, 3.5, 3.6, and 3.7 below. By way of non-limiting example, Protected Documents in one or more of the following categories may qualify for the "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" designation:

STIPULATED PROTECTIVE ORDER

(i) non-public technical information, including schematic diagrams, manufacturing and engineering drawings, engineering notebooks, specifications, research notes and materials, technical reference materials, and other non-public technical descriptions and/or depictions of the relevant technology; (ii) non-public damages-related information (e.g., the number of products sold, total dollar value of sales products, and profit margins); (iii) non public financial information; (iv) customer lists; (v) business and/or marketing plans; (vi) price lists and/or pricing information; and (vii) information obtained from a non-party pursuant to a current Non-Disclosure Agreement ("NDA").

1.4     HIGHLY CONFIDENTIAL—SOURCE CODE. To the extent a Designating Party believes that certain Protected Information is of the nature of source code and other highly confidential information that its dissemination requires the highest additional safeguards against copying and distribution, the Designating Party may designate such information as HIGHLY CONFIDENTIAL—SOURCE CODE. For Protected Information so designated, access to, and disclosure of such Protected Information shall be limited to the individuals listed in ¶¶ 3.1, 3.2, 3.3, 3.5, 3.6, 3.7, which shall only be made in accordance with the procedures and restrictions set forth in ¶ 4.  For purposes of this protective order, SOURCE CODE shall include:

1.4.1   Human-readable programming language text that defines software, firmware, or electronic hardware descriptions.  Source code files may include, but are not limited to, files containing C, C++, C#, assembler, RTL, VHDL, Verilog, iHDL, microcode and digital signal processor (DSP) programming languages.  Source code files further include, but are not limited to, ".include" files, "make" files, link files, and other human-readable text files used in the generation, compilation, building, description, simulation, or synthesis of software or firmware executed on, or hardware used in, a microprocessor, micro-controller, or DSP.

2.     **Time and Manner of Designation**

STIPULATED PROTECTIVE ORDER                                   LEGAL02/32873495v1

2.1 **Time of Designation**

2.1.1 Designation of Protected Information contained in documents or things shall be made at the time of the production of documents; designation of declarations, written discovery responses or and pleadings shall be made at the time of the service or filing, whichever occurs first;

2.1.2 Designation of Protected Information given in testimony shall be made either (a) on the record at the time that such testimony is given, or (b) within thirty (30) days after the receipt by the Designating Party of the transcript of such testimony. Such designation shall be made as provided under ¶ 2.2.4 below.

2.2 **Manner of Designation**. The designation of Protected Information shall be made in the following manner:

2.2.1 For documents, by placing the notation CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE on each page of such document;

2.2.2 For tangible items, by placing the notation CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE on the object or container thereof or if such are not practicable; as otherwise agreed by the parties;

2.2.3 For declarations, written discovery responses, court filings or pleadings, by placing the notation CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE on the face of such document; and

2.2.4 For testimony, (a) by orally designating such testimony as being CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE within the time periods allowed pursuant to ¶ 2.1.2, above, or ¶ 2.3, below, and/or (b) by requesting that the reporter

place the notation CONFIDENTIAL,  HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE on each page of the transcript so designated, which designated pages of the transcript shall be separately bound and conspicuously marked on its cover.

2.3    **Subsequent Designation**

2.3.1    Documents, declarations, written discovery responses and pleadings may be designated as CONFIDENTIAL,  HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE within the time periods set forth in ¶ 2.1.2. Testimony may only be designated as CONFIDENTIAL,  HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE within the time periods set forth in ¶ 2.1.2, above, unless otherwise agreed to by counsel for the parties in writing or ordered by the Court, or as provided by ¶ 18. Such retrospective designation shall be made in writing by the party or non-party making the designation. At the time of making such retrospective designation, it shall be the obligation of the party or non-party making such retrospective designation to provide the other party (or in the case of a non-party, both parties) with a revised copy of the transcript of such deposition or court testimony in which (i) any pages of such transcript containing testimony designated as CONFIDENTIAL,  HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE have been properly marked in accordance with ¶ 2.2.4, above, and placed in a separately bound, conspicuously marked transcript and (ii) all other pages of the transcript have been placed in a different, separately bound transcript. Persons or parties to whom such documents, declarations, pleadings, transcripts or testimony have previously been disclosed in accordance with this Order shall not be responsible for any disclosure inconsistent with the new designation having taken place prior to the actual receipt by

STIPULATED PROTECTIVE ORDER

such persons or parties of the writing making such new designation, subject to the provisions of ¶ 2.1 above and its subparagraphs.

3.     **Use or Disclosure of Protected Information**. A party receiving Protected Information ("Receiving Party") shall use or disclose that information only as provided in this Order. Subject to additional provisions for Protected Information designated as HIGHLY CONFIDENTIAL—SOURCE CODE set forth in ¶ 4, Protected Information shall not be used by or disclosed to any other person or entity, except as follows:

3.1     Protected Information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE may be disclosed to court personnel pursuant to the Court's procedures for lodging or filing under seal;

3.2     Protected Information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE may be disclosed to outside counsel that is providing active assistance with pending litigation and to the professionals and staff employed by outside counsel assisting with the matter;

3.3     Subject to ¶ 11, Protected Information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE may be disclosed to any retained consultant or a testifying expert retained by, or at the direction of outside counsel for the purpose of assisting with the pending litigation, provided that such consultant or expert signs the Confidentiality Agreement, attached hereto as Exhibit A, prior to the receipt of any Protected Information.

3.4     Protected Information designated as CONFIDENTIAL may be disclosed to a maximum of one employee of the Receiving Party; provided however that such persons sign the Confidentiality Agreement, attached hereto as Exhibit B, prior to the receipt of any

Protected Information, and provided that the employee is identified for the opposing party prior to any such disclosure.

3.5     Protected Information designated as CONFIDENTIAL,  HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE may be disclosed to certified court reporters or videographers retained by, or at the direction of outside counsel for the purpose of documenting and maintaining a record of witness testimony. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Protected Information designated as such under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained securely by the reporter or delivered to counsel of record. Copies of HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY materials or HIGHLY CONFIDENTIAL—SOURCE CODE materials that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

3.6     Protected Information designated as CONFIDENTIAL,  HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE may be disclosed to certified interpreters and/or translators retained by outside counsel to assist with efforts to obtain testimony and/or statements from witnesses; and/or

3.7     Protected Information designated as CONFIDENTIAL,  HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE may be disclosed to a witness of the Producing Party, during the conduct of deposition or trial testimony, provided that the disclosure is made in the presence of counsel for the Designating Party, who shall be permitted to object to the disclosure and seek enforcement of this Stipulated Protective Order should he or she deem necessary and/or

STIPULATED PROTECTIVE ORDER

appropriate, unless the witness is the author or identified recipient of the Protected Information, in which case the Protected Information can be used with or disclosed to that witness without limitation.

4.      **Special treatment of Protected Information designated as HIGHLY CONFIDENTIAL—SOURCE CODE**. To the extent that either party wishes to obtain access to documents and things designated as "HIGHLY CONFIDENTIAL — SOURCE CODE," the following procedures shall apply:

4.1      The Designating Party shall make the HIGHLY CONFIDENTIAL — SOURCE CODE material available at a room accessible only by authorized persons (a "Secure Room") at the Northern California offices of its outside counsel, or as otherwise mutually agreed by the parties.

4.2      The Designating Party shall make all relevant and properly requested source code available for inspection in electronic, text-searchable form, on a personal computer ("Standalone Computer") in the Secure Room.

4.3

4.4      In order to verify that the material loaded on the Standalone Computer has not later been altered, the Designating Party may benchmark the materials before they are provided, but shall not install any keystroke or other monitoring software on the Standalone Computer. The Designating Party may visually monitor the activities of the receiving party's representatives during any source code review from a position outside the Secure Room, but only to ensure that no unauthorized electronic records of source code are being created or transmitted in any way.

4.5      The receiving party may use appropriate software tools on the Standalone Computer, which shall be installed by the Designating Party, including text editors and multi-file text search tools such as "grep." Specific tools may include (but not be limited to): Visual Slick Edit, Source-Navigator, DT Search, PowerGrep, and ExamDiff Pro, or similar

STIPULATED PROTECTIVE ORDER

programs. Should it be necessary, other mutually agreed upon tools may be used. Licensed copies of agreed upon tool software shall be downloaded and installed on the Standalone Computer by the Designating Party, and paid for by the Receiving Party.

4.6    The HIGHLY CONFIDENTIAL—SOURCE CODE material shall be made available from 9 am to 5 pm local time, Monday through Friday (excluding holidays), until the close of discovery in this action. If unavoidable, access on weekends or after hours shall be permitted at the expense of the Receiving Party, only upon agreement of the Designating Party, which agreement shall not be unreasonably withheld.

4.7    Documents and things designated as "HIGHLY CONFIDENTIAL—SOURCE CODE" are also to be treated as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY material, and the receiving party may not disclose the source code to anyone who has not undertaken to abide by the Protective Order. No employee of the Receiving Party, including without limitation inside counsel, may access or obtain HIGHLY CONFIDENTIAL—SOURCE CODE material absent explicit agreement from the Disclosing Party.

4.8    No more than two (2) individuals who qualify under ¶ 3.3 above, for the Receiving Party, may have access to the Secure Room and Standalone Computer for any Designating Party, as well as printed copies of material obtained therefrom.  In addition, no more than one (1) additional expert who qualifies under ¶ 3.3 above, for the Receiving Party, may have access to printed copies of any portion of any Designating Party's HIGHLY CONFIDENTIAL—SOURCE CODE material. Each time counsel for the receiving party requests a review of HIGHLY CONFIDENTIAL—SOURCE CODE material on the Standalone Computer, it must give at least three business days (and at least 72 hours) notice to the counsel for the Designating Party that it will be sending individual(s) authorized to review the material made available on the Standalone Computer.

4.9    Proper identification of all authorized persons shall be provided prior to any access to the Secure Room or the Standalone Computer. Proper identification is hereby

STIPULATED PROTECTIVE ORDER

defined as a photo identification card sanctioned by the government of a U.S. state, by the United States federal government, or by the nation state of the authorized person's current citizenship. Access to the Secure Room or the Standalone Computer may be denied, at the discretion of Designating Party, to any individual who fails to provide proper identification.

4.10    The Standalone Computer shall be equipped to print copies of any HIGHLY CONFIDENTIAL—SOURCE CODE material stored upon it, which may be on watermarked pre-Bates numbered paper provided by the Designating Party.  The receiving party may print portions of the HIGHLY CONFIDENTIAL—SOURCE CODE material as reasonably necessary to facilitate the receiving party's preparation of the case, including when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party; to prepare internal attorney work product materials; or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses and related drafts.  The receiving party shall not print HIGHLY CONFIDENTIAL—SOURCE CODE material in order to review the material elsewhere in the first instance, *i.e.*, as an alternative to reviewing that source code electronically on the Standalone Computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis in the first instance elsewhere. The Designating Party shall produce the printed pages to the Requesting Party within seven days. If the Producing Party believes that the amount of printed code is excessive in light of the needs of the case, it shall inform the Requesting Party immediately, and the parties shall meet and confer in good faith to resolve the dispute.  If after seven days the dispute is not resolved, the Requesting Party may file a motion to compel production of the withheld pages.  The receiving party shall not remove any other documents or materials from the Secure Room, unless authorized by counsel for the Designating Party.  The receiving party shall exercise due care when transporting copies of printed source code, to ensure that the documents are always within the control of a person who is permitted under this order to have access to HIGHLY

CONFIDENTIAL—SOURCE CODE material, and that no other person shall have access to such documents during transport. However, boxes or luggage containing copies of printed source code may be handled when necessary by airport security and by employees of commercial airlines, and may be placed in the custody of FedEx or DHL for direct delivery to a person who is permitted under this order to have access to HIGHLY CONFIDENTIAL—SOURCE CODE material. All printed HIGHLY CONFIDENTIAL—SOURCE CODE material shall be logged by the receiving party as noted in paragraph xiii below.  In addition to other reasonable steps to maintain the security and confidentiality of the Designating Party's source code, printed copies of the HIGHLY CONFIDENTIAL—SOURCE CODE material maintained by the receiving party must be kept in a locked location when not in use. No additional electronic copies of the HIGHLY CONFIDENTIAL—SOURCE CODE material shall be provided.

  4.11 Other than in connection with pleadings filed under seal and deposition, trial, or other hearing testimony designated HIGHLY CONFIDENTIAL—SOURCE CODE, no subsequent copies shall be made of the printed copies provided by the Designating Party to the requesting party. Hard copies of the HIGHLY CONFIDENTIAL—SOURCE CODE material  may not be converted into an electronic document, and may not be scanned using optical character recognition ("OCR") technology, except that portions of the source code or schematics constituting less than one page each may be included in expert reports or other documents as long as such documents are designated under this Order as HIGHLY CONFIDENTIAL—SOURCE CODE.  Counsel for the Producing Party shall retain the original any HIGHLY CONFIDENTIAL—SOURCE CODE marked as an exhibit and make it available as needed for any further proceedings or trial.

  4.12 No outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware shall be permitted in the Secure Room. Nor shall any cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders,

-11-

Dictaphones, telephone jacks or other devices be permitted inside the Secure Room. Nor shall any non-electronic devices capable of similar functionality be permitted in the Secure Room. The Designating Party shall not be responsible for any items left in the Secure Room following each inspection session, and the receiving party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

4.13    The Receiving Party's counsel shall keep a log that records the identity of each individual to whom copies of HIGHLY CONFIDENTIAL—SOURCE CODE material are provided and when those copies were provided to that person, and within thirty days after the issuance of a final, non-appealable decision resolving all issues in the case, the receiving party must serve upon the Designating Party the log and certify the destruction of all paper copies of the Designating Party's HIGHLY CONFIDENTIAL—SOURCE CODE material. In addition, all persons to whom the paper copies of the HIGHLY CONFIDENTIAL—SOURCE CODE material were provided must certify in writing that all copies of the HIGHLY CONFIDENTIAL—SOURCE CODE material were returned to the counsel who provided them the information and that they will make no use of the HIGHLY CONFIDENTIAL—SOURCE CODE material or of any knowledge gained from the source code in any future endeavor.

4.14    Any expert consultant retained on behalf of the receiving party who is to be given access to Designating Party's produced HIGHLY CONFIDENTIAL—SOURCE CODE material (whether in electronic form or otherwise) must agree in writing not to perform software development work or hardware design relating to touch panel technology for a period of one year after the issuance of a final, non-appealable decision resolving all issues in the case. This shall not preclude such expert consultants from consulting in future litigation, so long as such consulting does not involve software development work directly or indirectly

intended for commercial purposes relating to wireless encryption and microprocessor technology.

4.15     Access to and review of HIGHLY CONFIDENTIAL—SOURCE CODE material shall be strictly for the purpose of investigating the claims and defenses at issue in the above-styled case. No person shall review or analyze any HIGHLY CONFIDENTIAL—SOURCE CODE material for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing HIGHLY CONFIDENTIAL—SOURCE CODE material in this case in any other pending or future dispute, proceeding, or litigation.

5.     **Undertaking**. Prior to any disclosure pursuant to ¶ 3.3, and authorized pursuant to ¶¶ 10 and 11, each Expert to whom disclosure is to be made shall execute the Confidentiality A Agreement annexed hereto as Exhibit A ("Confidentiality A Agreement" or "Undertaking A"), and each person to whom any disclosure is made pursuant to or ¶¶ 3.4 shall execute the Confidentiality Agreement annexed hereto as Exhibit B ("Confidentiality B Agreement" or "Undertaking B"). The Confidentiality Agreement shall be maintained by Outside Counsel for the Receiving Party with whom such person are affiliated or by whom they are retained, and such counsel will notify opposing counsel's party as to the identity of such person within seven (7) calendar days.

6.     **Outside Counsel's Communication with Client**. Nothing in this Order shall preclude or impede Outside Counsel's ability to communicate with or advise his or her client based on his or her review and evaluation of Protected Information produced by the opposing party, provided that such communications or advice shall not disclose or reveal such Protected Information.

7.     **Disclosure to Author or Recipient**. Notwithstanding any other provisions, nothing in this Order shall prohibit Outside Counsel for a party from disclosing a document or thing designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE to any person whom the document or thing clearly identifies as an author, addressee or carbon copy recipient of such document or thing.

STIPULATED PROTECTIVE ORDER

8.    **Filings with this Court**. To the extent that any documents or things designated as CONFIDENTIAL,  HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE are to be filed with this Court, each such document and thing shall be submitted in accordance with applicable procedures for filing under seal.

9.    **Redaction**. A Designating Party may, in good faith, redact Protected Information from any document or thing that is produced, if and only if the information is either (A) subject to a claim of privilege, or (B) not responsive to any discovery request or duty to disclose. However, a Designating Party making the redactions shall within a reasonable time provide a written description of the nature of all redacted, relevant, privileged, information and the basis for the redaction. If the Receiving Party shall so object, counsel for it and the Designating Party shall meet and confer. If they are unable to reach agreement, the Receiving Party may move to compel the production of the redacted information. If production is ordered, the Designating Party shall be entitled to legend the document or thing being produced as CONFIDENTIAL,  HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE in accordance with this Order.

10.    **Opportunity to Object to Proposed Expert**. Prior to disclosure of any of the Designating Party's Protected Information, to a Proposed Expert, the Receiving Party shall give it at least fourteen (14) calendar days written notice to the Designating Party, stating the name and address of each Expert to whom the disclosure is proposed to be made, and furnishing a copy of the Proposed Expert's Confidentiality A Agreement, a copy of the current resume of the Proposed Expert showing his/her education and employment within the previous four (4) years. If the Proposed Expert served as a testifying expert in any other matter during the past four years, the case name and number, the name of the attorney who engaged the Proposed Expert, and the name of the client shall be disclosed along with a brief statement of the subject matter of the consultation provided.  The Proposed Expert shall also disclose any consulting engagements undertaken in the previous four (4) years concerning the design or development of touch-sensitive input devices.  If, within the fourteen (14) calendar day

STIPULATED PROTECTIVE ORDER

period, the Designating Party objects in good faith to the proposed disclosure to the Expert and brings a motion for protective order within fourteen (14) calendar days disclosure shall not be made until and unless this Court orders disclosure to that Expert. This Court shall deny objections to disclosure to an Expert unless the Designating Party shows good cause why the proposed disclosure should not be permitted.

11.     **Use of Protected Information at Depositions**. Except as otherwise approved by the Designating Party, or by an order of this Court, a party may use Protected Information in deposing only: (a) an individual who has had or who is eligible to have access to the Protected Information by virtue of his or her employment with the Designating Party; (b) an individual identified in the Protected Information as an author, addressee, or copy recipient of such information; (c) an individual who although not identified as an author, addressee, or copy recipient of such Protected Information, has, in the ordinary course of business, seen such Protected Information, or (d) an Expert (who shall first have executed the Confidentiality A Agreement and shall not have been successfully objected to pursuant to ¶ 11).

12.     **Attendees at Protected Information Depositions**. No one may attend or review the transcripts of the portions of any depositions at which Protected Information is shown or discussed other than this Court and its personnel, and the court reporter and/or videographer. Outside Counsel for the parties, outside counsel for a non-party deponent (who shall first have executed a Exhibit B Confidentiality Agreement if such outside counsel is not also Outside Counsel for one of the parties), and any Expert duly qualified under ¶ 11 (who shall first have executed the Exhibit A Confidentiality Agreement).

13.     **Distribution of Protected Information Transcripts**. The portions of any deposition transcript that Outside Counsel for either party has designated on the record at the deposition as CONFIDENTIAL,  HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE and any Protected Information that is marked as a deposition exhibit, shall be treated as Protected Information. Notwithstanding the foregoing, the entirety of all

deposition transcripts shall be deemed Protected Information for thirty (30) days after the transcript is delivered to the parties' Outside Counsel. During the thirty (30) day period, either party's Outside Counsel may designate, by page and line number (insofar as practicable), any portion of a deposition transcript, to the extent not previously designated, as Protected Information. Transcript pages and exhibits containing Protected Information shall be distributed only to the deponent, the deponent's outside counsel, Outside Counsel for the parties, and to Experts who are not regular employees of any party, and who are actively assisting in the preparation for and/or trial of this action.

14.     **Resolution of Disputes Regarding Designation**. If a receiving party, at any time, wishes to have the CONFIDENTIAL,  HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE designation of any particular document, information, or witness testimony as Protected Information removed or changed, that party shall first request in writing that the designating party or non-party remove its designation. Thereafter, the party challenging the designation and the designating party or nonparty shall make good faith efforts to resolve the dispute. If the party or non-party designating the information refuses to agree to remove or change the designation, then the party challenging the designation may move the Court orally or in writing (by means of a letter or formal motion) for an order removing or changing the designation; provided, however, that the Designating Party shall have the burden of proving that such particular Protected Information is properly designated as CONFIDENTIAL,  HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE. If such motion is made, the parties shall treat the document, testimony or information as originally designated until the motion is decided by the Court.

## GENERAL PROVISIONS

15.     **Limitation On Use and Disclosure**. Except to this extent expressly authorized in this Order, Protected Information shall not be used or disclosed for any purpose other than the preparation and trial of this action and any appeals therefrom, provided, however, that nothing in this Order shall

be deemed to restrict in any manner the use or disclosure by any Designating Party of any information in its own documents and things.

16. **No presumption of Protected Status**. This Protective Order does not address discovery objections nor preclude either party from moving for any relief cognizable under the Federal Rules of Civil Procedure or this Court's inherent powers. Nothing in this Order creates a presumption or implies that information designated as Protected Information actually constitutes a trade secret, or proprietary or otherwise protectable Protected Information. If a Receiving Party believes that any information is improperly designated under this Order, it may, at any time, contest such designation. Protected Information that is subject to such a dispute shall, until further order of this Court, be treated consistently with its designation by the Designating Party.

17. **Inadvertent Disclosure of Protected Information**. Inadvertent failure to designate as Protected Information any information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection thereof. If the Designating Party notifies the Receiving party of an inadvertent disclosure, the Receiving Party shall cooperate with the Disclosing Party to remedy the inadvertent disclosure. Such cooperation shall include at least the replacement of inadvertently disclosed information in the Receiving Party's records with re-labeled and re-designated copies, and promptly returning or disposing of the inadvertently-disclosed copies. If the Receiving Party has already disclosed such materials in a manner that would be inconsistent with the new confidentiality designation, the Receiving Party shall take reasonable measures to retrieve all such disclosed copies. However, the Receiving Party shall have no liability, under this Order or otherwise, for any disclosure of information contained in unlegended documents or things occurring before the Receiving Party was placed on notice of the Designing Party's claims of confidentiality of any information therein.

18. **Inadvertent Disclosure of Work Product or Privileged Information**. Inadvertent production of documents or things subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the Designating Party shall

notify the Receiving Party in writing of such inadvertent production within fourteen (14) days after the earlier of (a) the Designating Party's discovery of the inadvertent production or (b) its use in pleadings, motions or deposition testimony by the Receiving Party. Such inadvertently produced documents and things shall be returned to the Designating Party upon request, provided that the Designating Party establishes the circumstances surrounding the documents or things inadvertent production. After a request has been made to return any Protected Information under a claim of inadvertent production, no further use shall be made of such documents or things, nor shall they be shown to anyone who has not already been given access to them prior to the request to return them. If, after conferring, the parties are unable to reach a satisfactory agreement, the Designating Party may petition this Court for a determination that the allegedly inadvertently produced material is either not protected or that the production was not excusably inadvertent. To the extent not previously disclosed, the Receiving Party shall not disclose the document or thing for which the belated claim of immunity or privilege is being made to any person, other than those persons who have had it in their possession prior to receipt of notification from the Designating Party unless it is determined that the privilege or immunity does not apply.

19.     **Subpoena of Protected Information**. If any entity subpoenas or orders production of Protected Information that a Receiving Party has obtained subject to this Order, such party shall promptly notify the Designating Party of the pendency of the subpoena or order and shall not produce the information until the Designating Party shall have reasonable time (which shall be not less than fourteen (14) days) to object or take other appropriate steps to protect the information.

20.     **Mutual Exchange of Confidentiality Agreements**. The parties shall mutually exchange copies of all signed Exhibit B Confidentiality Agreements. Exhibit A Confidentiality Agreements of Proposed Experts shall be exchanged as provided in ¶ 11.

21.     **Continuing Jurisdiction**. After the conclusion of the above-captioned action, the provisions of this Order shall continue to be binding until further order of this Court or any court to which this action is transferred, and this Court or the transferee court shall retain jurisdiction over the

parties and any other person who has had access to Protected Information pursuant to this Order, in order to enforce the provisions of this Order.

22.     **Modification**. This order may be modified by this Court for good cause shown. This Court shall enter a subsequent order addressing the use of Protected Information at trial or at the conclusion of the above-captioned action as to any party.

23.     **Duty to Return or Destroy Documents and Things**. Within sixty (60) days after conclusion of the above-captioned action (including all appeals and further proceedings resulting therefrom), all documents and things containing Protected Information (other than pleadings, discovery responses and exhibits contained in the official court record and attorney-work product documents) shall be returned to the Designating Party or shall be securely destroyed. Counsel for any party or non-party receiving Protected Information shall make written certification of compliance with this provision regarding return or destruction and shall deliver the same to counsel for the Designating Party within ninety (90) days after the conclusion of the above-captioned action.

24.     **Interpretation:  Headings**. Should the parties have any issues concerning the interpretation of this Order, before any party moves for this Court's assistance, they shall first endeavor to promptly meet and confer to resolve the dispute. The headings used in this Order are supplied for convenience only and shall not be taken into account in the interpretation of this Order.

25.     **Public Documents**. None of the restrictions set forth in this Protective Order shall apply to any documents or other information that become public knowledge by means not in violation of the provisions of this Protective Order. Nothing in this Protective Order shall prevent a party from using any information that the party properly possessed prior to receipt of any Protected Information from the other party or a non-party or that is discovered independently by the receiving party. The terms of the treatment of Protected Information pursuant to the Protective Order shall be effective as to any Protected Information previously disclosed during the course of this action, as if it had been disclosed on the effective date of this Protective Order.

STIPULATED PROTECTIVE ORDER

26.     **No Probative Value**. This Protective Order shall not aggregate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Protected Information. The fact that information is designated CONFIDENTIAL,  HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE under the Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be CONFIDENTIAL,  HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE. This Protective Order shall be without prejudice to the right of any party to bring before the Court questions regarding (a) whether any particular material is or is not CONFIDENTIAL,  HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE or (b) whether any particular information or materials is or is not entitled to a greater or lesser degree of protection under the terms of this Protective Order, provided that in doing so, the party complies with the procedures set forth herein. The fact that any information is disclosed, used, or produced in any court proceeding in this action shall not be offered in any action or proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is admissible, confidential or proprietary.

STIPULATED PROTECTIVE ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED

  Ugtʋgo dgt"44     , 2011.


Hon. Rgt"C0Nggp
UNITED STATES O CI I  KVTCVG"JUDGE



AGREED AS TO FORM AND SUBSTANCE:        AGREED AS TO FORM AND SUBSTANCE:


Dated:   19 September 2011                   Dated:   19 September 2011


By:   /s/ Sean P. DeBruine               By:   /s/ Christopher L. Ogden
      SEAN P. DEBRUINE, ESQ.                   Robert E. Krebs, *Pro Hac Vice*
      Admitted Pro Hac Vice                    Christopher L. Ogden, *Pro Hac Vice*
      ALSTON & BIRD LLP                        NIXON PEABODY LLP
      275 Middlefield Road, Suite 200          2 Palo Alto Square, 3000 El Camino Real,
      Menlo Park, California 94025             Suite 500
      Telephone:  (650) 838-2000              Palo Alto, California 94306-2106
      Facsimile:  (650) 838-2001
                                               W. West Allen
      ROBERT J. CALDWELL, ESQ.                 Kenneth D'Alessandro
      Nevada Bar No. 7637                      John L. Krieger
      MATTHEW J. CHRISTIAN, ESQ.               LEWIS AND ROCA LLP.
      Nevada Bar No. 8024                      3993 Howard Hughes Parkway, Suite 600
      KOLESAR & LEATHAM                        Las Vegas, Nevada 89169
      400 South Rampart Boulevard, Suite 400   (702) 949-8200
      Las Vegas, Nevada 89102
      Telephone:  (702) 362-7800              Attorneys for Defendant
      Facsimile:  (702) 362-9472              PIXCIR MICROELECTRONICS CO.
                                               LTD.
      Attorneys for Plaintiff
      ELAN MICROELECTRONICS
      CORPORATION

-21-

1

2

3
UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

4

5
ELAN MICROELECTRONICS
CORPORATION,

6

7
                              Plaintiff,

8
        vs.                                              No. 2:10-cv-00014-GMN-(PAL)

9
PIXCIR MICROELECTRONICS CO. LTD.,

10
                              Defendant.

11

12
**EXHIBIT A**

13
**CONFIDENTIALITY AGREEMENT AND UNDERTAKING FOR
EXPERTS RECEIVING PROTECTED INFORMATION**

14

15

16
        I, _____, state the following:

17
        1.      I have been retained by _____ [party] to serve as an

18
_____ [describe proposed area of expertise, such as "hardware," "software"

19
or "financial"] in the above-captioned action.

20
        2.      I have read and understand the Stipulated Protective Order (the "Order") to which this

21
Exhibit A is annexed (and whose definitions are incorporated herein) and I attest to my understanding

22
that access to information designated as CONFIDENTIAL,  HIGHLY CONFIDENTIAL—

23
ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE may be provided

24
to me and that such access shall be pursuant to the terms and conditions and restrictions of the Order.

25
I agree to be bound by the terms of the order, both with respect to this Court's powers of supervision

26
of the litigation of the above-captioned action, and, contractually to any Designating Party, which I

27
acknowledge to be an expressly intended beneficiary of the undertakings I give in this Confidentiality

28
Agreement and Undertaking.

STIPULATED PROTECTIVE ORDER

LEGAL02/32873495v1

1
2
3          3.      I shall not use nor disclose to others any Protected Information, except for purposes of
4   providing my consulting and/or testifying expertise to the receiving Party and then solely in
5   accordance with the Order. I also understand that, in the event that I fail to abide by the terms of this
6   Confidentiality Agreement or the Order, I shall be subject to sanctions by way of contempt of court,
7   and to separated legal and equitable recourse by the adversely affected Designating Party.
8
9
10  _____        _____
                                             Signature
11
12                                           _____
                                             Printed Name
13
14                                           _____
15                                           Address
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATED PROTECTIVE ORDER
LEGAL02/32873495v1

1
2
3                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
4

5   ELAN MICROELECTRONICS
    CORPORATION,
6
                              Plaintiff,
7
           vs.                                    No. 2:10-cv-00014-GMN-(PAL)
8
    PIXCIR MICROELECTRONICS CO. LTD.,
9
                              Defendant.
10

11

12                            **EXHIBIT B**

13                    **CONFIDENTIALITY AGREEMENT**

14

15         I, _____, state the following:

16         1.      I have read and understand the Stipulated Protective Order (the "Order") to which this

17   Exhibit B is annexed (and whose definitions are incorporated herein) and I attest to my understanding

18   that access to information designated as "CONFIDENTIAL" may be provided to me and that such

19   access shall be pursuant to the terms and conditions and restrictions of the order. I agree to be bound

20   by the terms of the order, both with respect to this Court's powers of supervision of the litigation and,

21   contractually to any Designating Party, which I acknowledge to be an expressly intended beneficiary

22   of the undertakings I give in this Confidentiality B Agreement.

23         2.      I shall not use or disclose to others, except in accordance with the Order, any Protected

24   Information, I understand that I shall be subject to sanctions by way of contempt of court and to

25   separate legal and equitable recourse by the adversely affected Designating Party.

26

27

28

STIPULATED PROTECTIVE ORDER
LEGAL02/32873495v1

1

2

3 _____

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____
Signature


_____
Printed Name


_____
Address


_____
Individual or Entity Represented

STIPULATED PROTECTIVE ORDER

LEGAL02/32873495v1