1   SEAN P. DEBRUINE (admitted *pro hac vice*)
    sean.debruine@alston.com
2   JENNIFER (CELINE) LIU (admitted *pro hac vice*)
    celine.liu@alston.com
3   ALSTON & BIRD LLP
    275 Middlefield Road, Suite 150
4   Menlo Park, California  94025
    Telephone: (650) 838-2000
5   Facsimile:  (650) 838-2001

6   ROBERT J. CALDWELL (Bar No. 007637)
    rcaldwell@klnevada.com
7   MATTHEW J. CHRISTIAN (Bar No. 008024)
    mchristian@klnevada.com
8   E. DANIEL KIDD (Bar No. 010106)
    dkidd@klnevada.com
9   KOLESAR & LEATHAM, CHTD.
10  400 South Rampart Boulevard, Suite 400
    Las Vegas, Nevada  89145
11  Telephone: (702) 362-7800
    Facsimile:  (702) 362-9472
12
    Attorneys for Plaintiff
13  ELAN MICROELECTRONICS CORPORATION

14
                    UNITED STATES DISTRICT COURT
15
                        DISTRICT OF NEVADA
16

17  ELAN MICROELECTRONICS                Case No. 2:10-cv-00014-GMN-(PAL)
    CORPORATION,
18                                       **[PROPOSED] ORDER GRANTING**
                                         **ELAN MICROELECTRONICS**
19             Plaintiff,                **CORPORATION'S DISCOVERY**
                                         **MOTIONS**
20        v.

21  PIXCIR MICROELECTRONICS CO. LTD.,

22             Defendant.

23

24

25

26

27

28

These matters came before the Court on plaintiff Elan Microelectronics Corp.'s ("Elan") Emergency Motion to Compel Deposition Testimony Pursuant to Rule 30(b)(6) [Doc. #196], Motion to Compel Production of Documents Withheld as Privileged [Doc. #193] and Motion to Compel Production of Taiwan Documents [Doc. # 209]. The Court has reviewed the motions, oppositions and replies, including the evidence filed therewith, and heard the argument of counsel [Doc. #229]. Being fully advised, and good cause appearing, the Court finds and orders as follows:

1.      The case arises out of claims by Elan that defendant Pixcir Microelectronics Co., Ltd. ("Pixcir") has infringed and is infringing Elan's U.S. Patent No. 5,825,352 ("the 352 patent"). Pixcir is a company based in the People's Republic of China, and maintains offices in Taiwan and Switzerland.

## I.      MOTION TO COMPEL RULE 30(B)(6) TESTIMONY

2.      Pursuant to the most recent Case Management Order, fact discovery was to have been completed on December 21, 2012. [Doc. # 189]. That deadline was extended several times, due in large part to Pixcir's failure to timely provide the discovery required of it under the Federal Rules of Civil Procedure [*See* Doc. # 138 and #170]. The parties also could not agree on a schedule or location for the depositions of Pixcir witnesses, requiring further Court intervention. [Doc. # 180]. During the telephonic hearing on that topic, counsel for Pixcir raised doubts about whether the individuals designated by Pixcir as its Rule 30(b)(6) witnesses would have sufficient knowledge or be adequately prepared under that rule. Pixcir's counsel represented that they would be. [*See* Doc. # 171] Unfortunately, as detailed below, that representation was not borne out.

3.      Elan properly noticed Pixcir for a deposition regarding Pixcir's revenues, sales, costs, profits, margins, expenses, and other financial information for its products under Fed. R. Civ. P. 30(b)(6). [Doc. # 196]. Pixcir did not object to those topics, and therefore had a duty to (1) designate knowledgeable persons and (2) prepare them to fully and unevasively answer questions about the designated subject matter. *Great Am. Ins. Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R. D. 534, 539 (D. Nev. 2008).

4.      Pixcir designated Mr. Hungbo Gao. Mr. Gao is the assistant to Pixcir's president,

in charge of finance. Mr. Gao joined Pixcir as an employee approximately one year before the December 5−6, 2012 deposition.  While Mr. Gao is ultimately responsible for Pixcir's finance functions, he is primarily responsible for financing and loan transactions.  He is not familiar with Pixcir's day to day accounting.

5.      Mr. Gao was unable to provide any useful testimony on the subjects for which he was designated to testify for Pixcir.  He had no familiarity with the financial documents produced by Pixcir in response to Elan's document requests, and had no familiarity with the sales, revenue, costs, profits, margins or expenses relating to the accused products.   When pressed for any level of detail, Mr. Gao's repeatedly testified that he would "need to check" with knowledgeable Pixcir employees before he could testify.  The questions asked by Elan pursuant to its deposition notice were clearly matters known to Pixcir.  As a result, Mr. Gao's testimony did not comply with Fed. R. Civ. P. 30(b)(6).

6.      Pixcir argues that Mr. Gao's testimony was adequate, on the basis that Mr. Gao could not be expected to memorize all of the Pixcir's financial information.  Pixcir's arguments are not persuasive.  Mr. Gao was required to familiarize himself with the requested information. Not only did Mr. Gao lack first-hand knowledge, he had no familiarity with the documents produced by Pixcir.  For example, he could not explain the various and contradictory documents produced by Pixcir purporting to show the cost of the accused products.   As to all of the Pixcir documents presented at his deposition, Mr. Gao could not testify whether they were authentic or accurate and could not explain any of the contradictory information contained in those documents.

7.      Pixcir also points to its offer to "cure" its failure to provide an adequately prepared witness by stipulating to the authenticity of its financial documents.  That proposal does not cure Pixcir's intentional failure to comply with the Federal Rules.  Pixcir's offer does not satisfy its Rule 30(b)(6) obligations as a matter of law:  "[M]ere authentication of documents with a corresponding disavowal of the truth or accuracy of the documents" is insufficient. *Great Am. Ins. Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R. D. 534, 539−40 (D. Nev. 2008).  In light of the incomplete and contradictory nature of Pixcir's documents, this proposal is especially inappropriate.

8.     Pixcir also did not provide adequate testimony regarding the sales and marketing activities relating to the accused products taken by Pixcir in China.   Elan's deposition topics 3, 4 and 12 require testimony concerning all of Pixcir's efforts to sell or market the accused products, and all communications with third parties regarding the inclusion of the accused Pixcir components in final products.    Pixcir originally designated its Chief Operating Officer, Mr. Fuentes, to testify with regard to topics 3 and 4.   However, during his deposition in London Mr. Fuentes testified that he was not familiar with Pixcir's sales activities in China and he had made no effort to prepare himself on that topic.   Thereafter, Pixcir did not respond to several requests by Elan for an adequate witness on those subjects.   At the deposition of Pixcir's employee Mr. Chen several weeks later in Hong Kong, counsel for Pixcir purported to designate Mr. Chen on topics 3 and 4 as they pertain to China.   However, in response to the first question on the subject of Pixcir's China sales, counsel for Pixcir objected that Mr. Chen lacked the knowledge necessary to answer the question.   Even after it was pointed out that Pixcir was designating him to testify as to the corporation's knowledge on the subject, counsel persisted in the objection.   Where he did answer questions, Mr. Chen in fact did not have sufficient knowledge and was not prepared to testify on Pixcir's behalf on those topics.

9.     Based on the foregoing reasons, Elan's motion to compel further testimony on topics 3, 4,  6 and 12 of its Rule 30(b)(6) notice is hereby GRANTED.   Pixcir shall designate one or more witnesses to testify on topics 3, 4 and 12 as they relate to China, and on topic 6.   The witness(es) shall be presented for deposition at the offices of Elan's counsel, either in California or Nevada within 30 days of this order.

10.     Elan also requests both monetary and evidentiary sanctions.   Under Fed. R. Civ. P. 30(b)(6), a corporation and its counsel have a duty to prepare its designated witnesses to testify. *Great Am. Ins. Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, (D. Nev. 2008).   Such witnesses must me "thoroughly educated" about the noticed deposition topics and the facts known to the corporation or its counsel.  *In re: Vitamins Antitrust Litigation*, 216 F.R.D. 168, 172 (D.D.C. 2003).   Neither Pixcir nor its counsel made any adequate effort to prepare Mr. Gao to testify.   To prepare for his deposition, Mr. Gao spent "about three hours" reviewing "some financial

1  documents."   Mr. Gao did not seek information from anyone else at Pixcir regarding these

2  deposition topics.  Other than emails discussing the time and location of the deposition, Mr. Gao

3  had no contact with counsel until the day before the deposition.  That meeting, relating to the

4  mechanics of the deposition, lasted only "ten or twenty minutes."

5       11.    Producing a witness who is unprepared to testify on the topics noticed pursuant to

6  Rule 30(b)(6) constitutes a failure to appear for a noticed deposition within the meaning of Fed. R.

7  Civ. P. 37.  *Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 770−71

8  (9th Cir. 1995); *Black Horse Lane Assoc. LP v. Dow Chem. Corp.*, 228 F.3d 275, 303−04 (3d. Cir.

9  2000).  "Monetary sanctions are mandatory under Rule 37(d) for failure to appear by means of

10  wholly failing to educate a Rule 30(b)(6) witness, unless the conduct was substantially justified."

11  *In re Vitamins*, 216 F.R.D. at 174.  The rule provides that a court "shall require the party failing to

12  act or the attorney advising that party or both to pay the reasonable expenses, including attorney's

13  fees, caused by the failure...." Fed.R.Civ.P. 37(d).  Elan has presented evidence that it incurred

14  attorneys' fees of more than $16,000 for Mr. Gao's deposition alone.  Counsel was required to

15  stay the extra two days in Hong Kong for the deposition, resulting in an additional $2400 in hotel

16  charges.  Court reporter and transcription fees totaled over $1,800.00.  As such, the Court finds

17  good cause to order sanctions jointly and severally against Pixcir and Pixcir's counsel in the

18  amount of $20,000.00.

19       12.    Elan has also requested evidentiary sanctions in the alternative to a new deposition.

20  Because the remaining deadlines in this case are dependent upon issuance of the Court's claim

21  construction order, and because that order has not yet issued, the Court finds that there is sufficient

22  time for Pixcir to prepare a witness to testify "fully and unevasively" on the topics notice by Elan.

23  Because the Court orders Pixcir to provide adequately prepared witnesses, it will deny Elan's

24  request for evidentiary sanctions at this time.  However, Pixcir and its counsel are admonished,

25  once again, that any further failure to abide by their duties to provide discovery under the Federal

26  Rules will result in severe sanctions, including dispositive sanctions.

27  **II.    MOTION TO COMPEL DOCUMENTS FROM TAIWAN**

28       13.    Elan also moves to compel Pixcir to search for and produce documents located in

1   Pixcir's Taiwan office and responsive to Elan's Requests for Production in this matter.  While

2   Pixcir may not directly own the corporate entity in Taiwan, the Court finds that it has sufficient

3   control over the requested documents such that they are within Pixcir's "possession, custody or

4   control" under the Federal Rules.  The test for "possession, custody, or control" looks at actual

5   control, "firmly placed in reality."  *United States v. Int'l Union of Petroleum & Indus. Workers*

6   870 F.2d 1450, 1453−54 (9th Cir. 1989). While a contract giving Pixcir the express right to

7   compel Pixcir Taiwan to "furnish it with documents" would satisfy the control requirement, such

8   an explicit contract is not required.  *See, e.g., and 7-UP Bottling Co. v. Archer Daniels Midland*

9   *Co.* 191 F.3d 1090, 1107 (9th Cir. 1999). "The requisite relationship exists when the responding

10  party is able to command release of the requested documents." *Pham v. Wal-Mart Stores, Inc.,*

11  2012 WL 3730565 (D. Nev. 2012) (citing *Clark v. Vega Wholesale, Inc.*, 181 F.R.D. 470 (D. Nev.

12  1998)).  The Court finds that Pixcir has control of the Taiwan documents, and that they should

13  have been produced pursuant to the Court's Order compelling Pixcir to produce documents.  On

14  its website and public documents Pixcir claims that it has a Taiwan Office.  Pixcir's COO has for

15  more than the past year spent one-half of his working time resident in that office, as Pixcir's

16  "country manager" for Taiwan.  Prior to that time, the office was managed by Ms. Angela Huang,

17  who held herself out as a Pixcir Vice President.  When Ms. Huang resigned, she communicated

18  that resignation to Pixcir's CEO, Mr. Hung.  There is no evidence that Ms. Huang had a superior

19  in Taiwan to whom she reported.  Similarly, the only other Pixcir employee currently resident in

20  Taiwan, Mr. Array Chang, consistently refers to Pixcir's CEO as "boss" and there is no evidence

21  that he reports to any superior other than Messrs. Fuentes and Hung.  For the foregoing reasons

22  Elan's Motion to Compel Production of Pixcir's Taiwan Documents is GRANTED.  Pixcir is

23  hereby ORDERED to search for and produce all documents responsive to each of Elan's Requests

24  for Production within fourteen (14) days.  To the extent that Pixcir is aware of particular

25  documents or classes of documents that were in existence in its Taiwan office at the time this

26  Complaint in this matter was filed, but are not longer available, Pixcir is further ORDERED to

27  identify all such documents.

28

### III.      WAIVER OF PRIVILEGE AND WORK PRODUCT

15.      Finally, Pixcir moves to compel all documents constituting or referring to any opinion by its counsel on the topic of infringement of the 352 patent, including any documents withheld on the basis of attorney-client privilege or attorney work product.  In support of its motion, Elan asserts that Pixcir used the purported opinions of its trial counsel as a sales tool, disclosing those opinions to third party customers and potential customers.

16.      Soon after this suit was filed, Pixcir prepared a set of presentation slides that summarize the Elan lawsuit, the '352 patent, and the purported differences between the '352 patent and Pixcir technology.  That presentation was prepared with the express purpose of convincing Pixcir's potential customers to purchase the accused products, notwithstanding Elan's claim of patent infringement.  That presentation was prepared with the input of Pixcir's legal counsel, and it refers to counsel's opinion regarding infringement of the 352 patent.  Despite this Court's Order that Pixcir produce all responsive documents to Elan by July 17, 2012, the two versions of this presentation were not produced.  Pixcir did not disclose their existence to Elan until November 14, 2012, when it served its Second Privilege Log.  According to that log, the presentations were withheld on the basis of the work product doctrine and the attorney-client privilege.  They were described as "[c]onfidential presentation, prepared under supervision of Nixon Peabody, containing confidential legal advice and trial preparation materials."  While Pixcir provided copies of the documents to Elan's counsel during the deposition of Mr. Fuentes and allowed Mr. Fuentes to testify regarding aspects of those documents, counsel instructed Mr. Fuentes not to answer questions about the opinion expressed in those presentations on the grounds of privilege, and Mr. Fuentes followed counsel's instruction.

17.      The attorney-client privilege is strictly construed, and the party asserting the privilege has the burden of showing that it applies.  *In re Grand Jury Investigation*, 974 F.2d 1068, 1070−71 (9th Cir. 1992); *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009).  In the Ninth Circuit, the attorney-client privilege has eight elements: (1) where legal advice of any kind is sought; (2) from a legal adviser in his capacity as such; (3) the communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at his instance permanently protected;

(7) from disclosure by himself or by the legal adviser; (8) unless the protection be waived. *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010).  Work product protection exists if the following conditions are satisfied: (1) the material is a document or tangible thing; (2) it was prepared in anticipation of litigation; (3) it was prepared by or for a party, or by or for its representative.  Fed. R. Civ. P. 26(b)(3).

18.     Both the attorney-client privilege and work product protection can be waived.  *See Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) (stating,  "both [attorney-client and work product] privileges may be waived," and finding waiver). An express waiver occurs when a party discloses privileged information to a third party who is not bound by the privilege, or otherwise shows disregard for the privilege by making the information public.  *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003).   In other words, any disclosure inconsistent with maintaining the confidential nature of the attorney-client relationship waives the privilege. *FSP Stallion 1, LLC v. Luce*, 2010 WL 3895914, *15 (D. Nev. 2010).  Pixcir does not seriously dispute Elan's argument that there has been a waiver.  The content of the presentations was disclosed to numerous parties not bound by the privilege.  In fact, the opinion of  Pixcir's U.S. lawyers was prominently discussed in those and many other meetings.  In fact, Pixcir's CEO boasts that he tells someone almost every day about his attorneys' opinions.  Pixcir has clearly waived any privilege it may have had relating to those opinions.

19.     Pixcir does vigorously contest the *scope* of the waiver.  However, Pixcir's arguments are not well taken.  In the 9th Circuit, "Disclosing a privileged communication or raising a claim that requires disclosure of a protected communication results in **waiver as to all other communications on the same subject**."  *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) (emphasis added); *see also Weil v. Inv./Indicators, Research and Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981) ("[V]oluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject.").  The waiver extends to any attorney work product reflected in or underlying those communications.  *Id.*

20.     Because Pixcir has voluntarily disclosed the content of its attorney-client

communications to parties not subject to the privilege, the Court finds that it has waived the attorney client privilege and work product protections on the subject of non-infringement of the 352 patent.  Elan's motion to compel is therefore GRANTED.  Pixcir is hereby ORDRED to produce all documents constituting or referring to any opinion by its counsel on the topic of infringement or non-infringement of the 352 patent, and any documents prepared by its attorneys on that same subject, whether or not communicated to Pixcir.

**IV.     SUMMARY**

21.     As set forth above, Elan's Motion to Compel Rule 30(b)(6) Testimony [Doc. # 196] is GRANTED.  Elan's Motion to Compel Production of Documents Withheld as Privileged [Doc. # 193] is GRANTED.  Elan's Motion to Compel Production of Taiwan Documents [Doc. # 209] is GRANTED.

22.     It is hereby ORDERED that:

a.     Within 30 days Pixcir shall present one or more witnesses at the offices of Elan's U.S. counsel to testify on its behalf on topic 6 of Elan's August 23, 2012 Second Notice of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6) and on topics 3, 4 and 12 as those topics relate to Pixcir's actions in China.  Those witnesses shall be thoroughly prepared to testify and will be familiar with the relevant documents produced by Pixcir in this litigation;

b.     Within 14 days of this Order, Pixcir shall produce all documents held by Pixcir Taiwan that are responsive to any of Elan's Requests for Production in this matter; and

c.     Within 14 days of this Order, Pixcir will produce all documents containing or referring to any opinion of Pixcir's attorneys on the subject of Pixcir's alleged infringement of the '352 patent and all documents reflecting any attorney review and analysis reflected in any such opinion.

23.     It is further ORDERED that, within 14 days of this Order, Pixcir or the law firm of Nixon Peabody LLP shall pay $20,000.00 to Elan, in care of Elan's U.S. counsel, as sanctions for its failure to appear at the properly noticed deposition.

1    **IT IS SO ORDERED** this ; ụj  day of'O c{, 2013.

2

3                                                    *Peggy A. Leen*

4                                      The Honorable Peggy A. Leen
                                      United States Magistrate Judge

5

6    Respectfully submitted,

7

8

9    By: _____ */s/ Sean P. DeBruine*_____
             Robert J. Caldwell, Esq.
10           Nevada Bar No. 7637
             **KOLESAR & LEATHAM, CHTD.**
11           Matthew J. Christian, Esq.
             Nevada Bar No. 8024
12           400 South Rampart Boulevard, Suite 400
             Las Vegas, Nevada  89145
13
             and
14
             Sean P. DeBruine, Esq.
15           Admitted *Pro Hac Vice*
             **ALSTON & BIRD, LLP**
16           275 Middlefield Road, Suite 150
             Menlo Park, California  94025
17
     Attorneys for Plaintiff
18   ELAN MICROELECTRONICS CORPORATION

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I hereby certify that I am an Employee of Alston & Bird LLP, and that on the 3rd day of May, 2013, I served a true and correct copy of foregoing **[PROPOSED] ORDER GRANTING ELAN MICROELECTRONICS CORPORATION'S DISCOVERY MOTIONS** in one or more of the following manners:

(ELECTRONIC SERVICE)  Pursuant to FRCP 5(b)(3) and LR 5-4, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

Robert E. Krebs, Esq.
Ronald F. Lopez, Esq.
Christopher L. Ogden, Esq.
*Awaiting Pro Hac Vice Applications*
Nixon Peabody LLP
2 Palo Alto Square, 3000 El Camino Real, Suite 500
Palo Alto, California 94306-2106

**Facsimile:** (650) 320-7701

**Email:**
rkrebs@nixonpeabody.com
rflopez@nixonpeabody.com
cogden@nixonpeabody.com

*Attorneys for Defendant,*
*Pixcir Microelectronics Corporation*

Kenneth D'Alessandro, Esq.
W. West Allen, Esq.
Lewis and Roca, LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

**Facsimile:** (702) 949-8365

**Email:**
kdalessandro@lrlaw.com
wallen@lrlaw.com

*Attorneys for Defendant,*
*Pixcir Microelectronics Corporation*

*/s/ Kate Smith*
Employee, Alston & Bird LLP