1

2

3

4

5                       **UNITED STATES DISTRICT COURT**

6                            **DISTRICT OF NEVADA**

7

8   ELAN MICROELECTRONICS CORPORATION,  )
                                         )
9                           Plaintiff,   )    Case No. 2:10-cv-00014-GMN-PAL
                                         )
10  vs.                                  )         **ORDER**
                                         )
11  PIXCIR MICROELECTRONICS CO. LTD.,    )    (Mot. Compel - Dkt. #209)
                                         )
12                          Defendant.   )
    ─────────────────────────────────────)

13

14        Before the court is Elan Microelectronics Corporation's Motion to Compel Production of Pixcir

15  Microelectronics Co. Ltd. Taiwan Documents and for Sanctions (Dkt. #209).  The court has considered

16  the Motion, the Declaration of Sean DeBruine (Dkt. #210), the Exhibits filed Under Seal (Dkt. #211),

17  Pixcir's Response (Dkt. #222), the Declaration of Vincent Fuentes (Dkt. #223), the Declaration of

18  Christopher Ogden in Support of Pixcir's Response (Dkt. #224), and Elan's Reply (Dkt. #228).

19                              **BACKGROUND**

20        This is a patent infringement action brought by the Plaintiff Elan who is the sole owner of

21  United States Patent No. 5,825,352 ("`352 Patent") entitled "Multiple Finger Contact Sensing Method

22  for Emulating Mouse Buttons and Mouse Operations on a Touch Sensor Pad."  Am. Complaint, ¶5

23  (Dkt. #8).  Plaintiff is a Taiwanese corporation. *Id*., ¶4.  It conducts research and development for

24  "products that enable Smart Human-Machine Interface solutions." *Id*., ¶7.  Plaintiff develops

25  "capacitive touch pads and transparent touch screens" capable of recognizing "touch pad gestures

26  involving multiple simultaneous finger touches for input devices." *Id*.  Plaintiff's Capacitive Touch

27  Pad Multi-Finger Solution is one embodiment of the `352 Patent. *Id*., ¶8.

28  / / /

1    Defendant Pixcir designs, markets, and sells integrated circuit products. *Id*., ¶9.  Plaintiff

2 alleges that Pixcir has infringed the `352 Patent by using, selling, offering for sale, and marketing touch

3 pad and touch screen products that have the ability to recognize multi-finger gestures. *Id*., ¶11.

4 **I.      The Parties' Positions.**

5         **A.      Elan's Motion to Compel.**

6         In the current motion Elan seeks an order compelling Pixcir to produce documents and

7 electronically stored information in the possession of Pixcir Taiwan responsive to Plaintiff's discovery

8 requests.  Specifically, Elan served jurisdictional document requests April 8, 2010, and a second request

9 for production February 23, 2011.  These requests were subject to a motion to compel and court order

10 compelling production of the requested discovery.  Elan also filed two additional Motions to Compel,

11 Seeking Rule 30(b)(6) Deposition Testimony (Dkt. #196) and the Production of Documents Withheld

12 as Privileged (Dkt. #193).

13         Elan claims that Pixcir has represented to the world that its relationship to its Taiwan affiliate is

14 the same as its relationship to its Shenzhen office and Swiss subsidiary.  Taiwan employees have

15 identified themselves as working for Pixcir and have used pixcir.com or pixcir.com.tw email addresses.

16 Picxir's COO, Vincent Fuentes, spends fifty percent of his time as Pixcir's "country manager" for

17 Taiwan.  Elan acknowledges that the corporate entity currently as "Pixcir Taiwan" was established by

18 the brothers of Pixcir's founder and CEO, Jiin-Wei Hung.  However, Pixcir routinely describes Pixcir's

19 Taiwan affiliate as Pixcir's representative.  Elan argues Pixcir's CEO controls the hiring of personnel in

20 the Taiwan office.

21         Elan understands that Pixcir made no effort to maintain or collect documents responsive to its

22 requests for production of documents from Pixcir Taiwan during the course of this case.  Elan

23 understands that the "first Pixcir Taiwan" was formed and run by Allen Lien.  Elan believes that Mr.

24 Lien and Pixcir Suzhou had a falling out and signed an agreement in October 2010, in which Pixcir and

25 the "first Pixcir Taiwan" terminated their relationship.  The company now representing itself as Pixcir

26 Taiwan was established in 2011, by the brothers of Pixcir's CEO, Mr. Hung.  Pixcir claims that Pixcir

27 Taiwan operates as an independent distributor of Pixcir's products.  However, this position is

28 inconsistent with the facts developed in discovery and irrelevant to Pixcir's discovery obligations.  Elan

1    argues that Pixcir could obtain the relevant documents from Pixcir Taiwan if it asked for them.

2    Whether or not Pixcir and Pixcir Taiwan are related corporate entities, Elan believes that Pixcir Taiwan

3    has acted at all relevant times as the agent of Pixcir.  Therefore, Pixcir has possession, custody or

4    control of Pixcir Taiwan's documents, and may obtain Pixcir Taiwan documents because Pixcir has

5    control over its Taiwan affiliate.  The lack of ownership interest or parent-subsidiary relationship does

6    not, without more, defeat one entity's control over another's documents.  Elan maintains that the

7    relationship between Pixcir and its Taiwan affiliate is so close that Pixcir has possession, custody and

8    control of the documents of its Taiwan affiliate.  Elan asks for sanctions under Rule 37(a)(5) for

9    reasonable costs and attorneys fees incurred in bringing this motion because Pixcir's failure to produce

10   responsive documents in the possession, custody or control of its Taiwan affiliate was not substantially

11   justified.

12           **B.       Pixcir's Response.**

13           Pixcir responds this motion was filed nearly a month after the close of discovery as part of a

14   pattern of filing "overblown and unnecessary discovery motions."  The motion seeks to compel Pixcir

15   to produce documents from an independent Taiwanese company with no common ownership interest

16   and no parent-subsidiary relationship with Pixcir.  However, these documents are not in Pixcir's

17   possession, custody or control because Pixcir does not have the legal right to obtain the documents on

18   demand from this non-party.  As the party seeking this discovery, Elan has the burden of establishing

19   control.  Citing, *Society National Industrielle Aerosptiale v. United States District Court*, 482 U.S. 522,

20   546 (1987), Pixcir argues that the Supreme Court has held that American courts should exercise special

21   diligence in protecting foreign litigants from unnecessary or unduly burdensome discovery.

22           The Defendant in this case, Pixcir Microelectronics Co. Ltd. ("Pixcir China") is a Chinese

23   company with a subsidiary, Pixcir AG in Switzerland ("Pixcir Switzerland").  Pixcir China and Pixcir

24   Switzerland operate as a single company and refer to themselves as Pixcir.  Pixcir manufactures touch

25   screen controllers and ships them primarily to Asia and Europe but has no customers in the United

26   States.  Pixcir claims that its sales to the United States have consisted of only a few thousand dollars

27   worth of experimental demo units.

28   / / /

1    Taiwan is an important territory for Pixcir.  However, Pixcir does not have a subsidiary

2    company in Taiwan and relies on an independent sales agent, Pixcir Taiwan.  Before Pixcir Taiwan was

3    formed, Pixcir relied on the services of a separate independent sales agent, Pixcir Electronics Co.,

4    ("Pixcir Electronics").  Pixcir Electronics was a one-man operation run by Alan Lien, the company's

5    sole owner.  Pixcir and Pixcir Electronics were different legal corporations and had no investment or

6    legal subordination relationship.  Rather, these two companies cooperated to promote and sell Pixcir

7    China products in Taiwan.  However, this arrangement terminated October 22, 2010.

8    Pixcir acknowledges that Pixcir Electronics, Mr. Lien's company, acted as an independent sales

9    agent and was allowed to use a Pixcir.com email address.  However, Pixcir disputes that it managed

10   Mr. Lien's emails, stored them, or had access to them.  The emails were protected by password and

11   Pixcir disputes that it had any legal right to control, obtain or access the documents of Pixcir

12   Electronics.

13   Pixcir relies on Pixcir Taiwan, an independently-owned entity which is not a subsidiary of either

14   Pixcir China or Pixcir Switzerland, for most of its Taiwanese sales.  Pixcir Taiwan is not Pixcir's only

15   agent in Taiwan, but it plays an important role in Pixcir's business strategy by assisting Pixcir's efforts

16   to find and maintain customers, other agents and distributors in Taiwan.  Pixcir relies on Pixcir Taiwan

17   to make sales and provide technical support of its touch screen controller chips.  Pixcir websites direct

18   potential Taiwanese customers to contact Pixcir Taiwan.  Additionally, Pixcir sometimes advertises its

19   sales presence in Taiwan through the services of Pixcir Taiwan, although Pixcir Taiwan is "not actually

20   part of the structure of Pixcir."  Pixcir concedes that it has occasionally offered its assistance in

21   recommending new staff for Pixcir Taiwan.  However, Pixcir disputes that it has the legal right to hire

22   or fire employees of Pixcir Taiwan, or that it pays any of the salaries of employees of Pixcir Taiwan.

23   Mr. Fuentes is the CEO of Pixcir and Pixcir's general manager for the territory of Taiwan.  As

24   such, he works closely with Pixcir's agents and distributors in Taiwan, and particularly with Pixcir

25   Taiwan. Because he works closely with Pixcir Taiwan, Pixcir Taiwan has made an office available for

26   him during his frequent visits to Taiwan.  However, Mr. Fuentes does not receive a salary from Pixcir

27   Taiwan, is not an employee of Pixcir Taiwan, and does not hold himself out as an employee of Pixcir

28   Taiwan.  When Mr. Fuentes uses the office provided by Pixcir Taiwan, he uses his own laptop, does not

1   have access to Pixcir Taiwan's password-protected computer network or files, and does not consider

2   that he, or any other employee of Pixcir, has any legal right or authority to obtain or review the

3   documents of Pixcir Taiwan.

4         Pixcir points out that Elan did not name Pixcir Taiwan as a Defendant, even though Elan is

5   itself a Taiwanese company.  During jurisdictional discovery in this case, Pixcir served responses to

6   Elan's requests for production objecting to Elan's overbroad definition of Defendant and Pixcir.

7   Pixcir's discovery responses were limited to Pixcir Microelectronics Co., Ltd., the Defendant in the

8   action.  During the June 6, 2012, Rule 30(b)(6) deposition of Vincent Fuentes, Mr. Fuentes described

9   the nature of the relationship between Pixcir and Pixcir Taiwan indicating that Pixcir Taiwan is an

10  independent company.  Elan did not raise the issue of what discovery efforts, if any, Pixcir might

11  undertake involving Pixcir Taiwan.  During a July 17, 2012 hearing, Pixcir described what efforts it had

12  taken to search for and produce Pixcir's documents.  Pixcir explained that it involved Pixcir employees

13  in both Switzerland and China.  Elan did not raise any issue with the court that Pixcir should have made

14  an effort to obtain documents from non-party Pixcir Taiwan.  Additionally, the court's ESI Order (Dkt.

15  #96) limited ESI searches to a total of six custodians for email searches.  Elan selected five email

16  custodians, none of whom were employees of Pixcir Taiwan.

17        Pixcir maintains that Elan either misunderstands or misrepresents the nature of the relationship

18  between Pixcir and Pixcir Taiwan.  Pixcir also argues that the motion to obtain discovery from Pixcir

19  Taiwan is untimely because the issue of Pixcir's relationship with Pixcir Taiwan could have been

20  resolved early in the case before the discovery cutoff ran.  Under all of these circumstances, Pixcir

21  argues that the motion should be denied as untimely, filed after the close of discovery.

22        **C.     Elan's Reply.**

23        Elan replies that the declaration of Mr. Fuentes is "utterly inconsistent with Pixcir's public

24  statements and internal documents."  These documents show that from its inception Pixcir has referred

25  to the Taiwan operation as its "Taiwan office" on par with its operations in China and Switzerland.

26  Given the overwhelming documentary evidence that Pixcir Taiwan follows Pixcir's instructions in all

27  other business matters, the court should compel Pixcir to produce all requested documents that can be

28  found in its Taiwan office.  Elan relies on unpublished decisions in this district which have held that the

1    requisite inquiry is whether there is a sufficient relationship between the party and the person or entity

2    having actual possession of the requested documents.  The relationship between Pixcir and Pixcir

3    Taiwan is such that Pixcir has the ability to command release of the requested documents.  The

4    relationship between the two is so close to establish control for the purposes of Rule 34(a)(1) and

5    because of the close affiliation and close working relationship Elan maintains that there is no credible

6    reason to believe that if Pixcir asks for documents from its Taiwan office, those documents would not

7    be provided.  Pixcir's corporate literature and website holds Pixcir Taiwan out as a part of Pixcir.  Mr.

8    Fuentes testified at his deposition that he had only one position, as Chief Operating Officer for Pixcir

9    Switzerland.  Pixcir's counsel attempted to clarify and asked if Mr. Fuentes was an employee of Pixcir

10   China.  Mr. Fuentes unambiguously responded that he was an employee of Pixcir Switzerland and had

11   no title as part of Pixcir China.  During his deposition, Mr. Fuentes also claimed that he acts "as a

12   country manager" for Taiwan.  Other courts have held that a party should be compelled to produce

13   documents in the possession of a non-party company where one enterprising individual maintains a

14   "close relationship" between the two companies.  Mr. Fuentes spends half his time in Taiwan, and

15   began working in Pixcir's Taiwan office when Angela Huang resigned and was not replaced.  Elan

16   maintains that Mr. Fuentes has taken over much of Ms. Huang's responsibilities and appears to be the

17   only employee in that office.

18       Elan also disputes that the motion is untimely.  During the June 2012, deposition, Pixcir stated

19   that Pixcir Taiwan was a different legal entity.  However, neither Mr. Fuentes, nor counsel for Pixcir,

20   indicated that Pixcir was withholding "highly relevant documents on that basis."  Only after Pixcir

21   depositions were taken in December 2012 did Elan fully suspect that Pixcir had not produced its

22   Taiwanese documents.  After these depositions were taken, Elan repeatedly attempted to determine

23   whether Pixcir had produced documents from Taiwan.  Pixcir's counsel originally responded that he

24   had no idea.  After repeated requests, Elan finally learned that Pixcir had not produced documents from

25   its Taiwan operation.  More delay ensued while Pixcir determined whether it would produce documents

26   from Taiwan.  The motion was filed immediately after Pixcir finally refused.  Under these

27   circumstances, the motion is timely, and Pixcir has suffered no prejudice.

28   / / /

1

**DISCUSSION**

2      Fed. R. Civ. P. 37(a)(1) permits a party to file a motion to compel disclosure of discovery.  It

3    provides in pertinent part:  "The motion must include a certification that the movant has in good faith

4    conferred or attempted to confer with the person or party failing to make disclosure or discovery in an

5    effort to obtain it without court action."

6      Local Rule 26-7(b) also provides:

7           Discovery motions will not be considered unless a statement of moving
            counsel is attached thereto certifying that, after personal consultation and
8           sincere effort to do so, counsel have been unable to resolve the matter
            without court intervention.
9

10      Fed. R. Civ. P. 37(a)(1) and Local Rule 26-7(b) serve several important purposes.  First, the

11    parties are required to meet and confer "to lessen the burden on the court and reduce the unnecessary

12    expenditure of resources by litigants, through promotion of informal, extra-judicial resolution of

13    discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993).  Second, the

14    meet-and-confer obligations "promote a frank exchange between counsel to resolve issues by agreement

15    or to at least narrow and focus the matters in controversy before judicial resolution is sought".  *Id*.  For

16    the meet-and-confer obligations to serve their purpose, it is essential "that parties treat the informal

17    negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of

18    discovery disputes."  *Id*.  To accomplish this requirement,

19           [t]he parties must present to each other the merits of their respective
            positions with the same candor, specificity, and support during informal
20           negotiations as during the briefing of discovery motions.  Only after all
            the cards have been laid on the table, and a party has meaningfully
21           assessed the relative strengths and weaknesses of its position in light of
            all available information, can there be "a sincere effort" to resolve the
22           matter.

23    *Id*.  Judicial intervention should only occur when either informal negotiations have reached an impasse

24    on the substantive issues in dispute, or one party has acted in bad faith by either refusing to negotiate or

25    provide specific support for its claims. *Id*.

26      The court should not consider a motion to compel unless the moving party provides a

27    certification of counsel which "accurately and specifically convey to the court who, where, how, and

28    when the respective parties attempted to personally resolve the discovery dispute." *Shufflemaster, Inc.*

1   *v Progressive Games, Inc*. 170 F.R.D. 166, 170 (D. Nev. 1996).  Additionally, the moving party must

2   actually perform the obligation to confer or attempt to confer in good faith to resolve the discovery

3   dispute without court intervention.  *Id*.  To accomplish the underlying policy of Local Rule 26-7(b) and

4   Fed. R. Civ. P. 37(a)(1), the moving party must include more than a cursory statement that counsel have

5   been "unable to resolve the matter" and "must adequately set forth in the motion essential facts

6   sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good

7   faith conferment between the parties." *Id*. at 171.  A good faith attempt to resolve the discovery dispute

8   without court intervention involves more than "the perfunctory parroting of statutory language on the

9   certificate to secure court intervention," and requires "a genuine attempt to resolve the discovery

10   dispute through non-judicial means." *Id*.

11         This motion was filed after the close of discovery and long after the Defendant responded to

12   Elan's written discovery requests.  The motion contains a one-line assertion that "pursuant to L.R. 27-

13   7(b), the undersigned certifies that, after personal consultation and sincere efforts by Elan to do so, the

14   parties have been unable to resolve this matter without Court action."  This one-line statement does not

15   come close to complying with Elan's meet-and-confer obligations.  Additionally, Defendant's responses

16   to Elan's written discovery requests made it clear that Pixcir Microelectronics Co. Ltd., the named

17   Defendant in this case, was responding to the discovery.  There is nothing before the court indicating

18   that Elan ever raised the issue of whether documents in the possession of Pixcir Taiwan were

19   effectively under the care, custody and control of the named Defendant in this action such that the

20   named Defendant had an obligation to search for and produce documents responsive to Elan's request

21   in Pixcir Taiwan's possession.  Nothing before the court suggests that Elan attempted to resolve this

22   matter without the court's intervention before filing this motion.  Accordingly,

23         **IT IS ORDERED** that Elan's Motion to Compel (Dkt. #209) is **DENIED**.

24         Dated this 7th day of August, 2013.

25

26   _____

     Peggy A. Leen

27   United States Magistrate Judge

28

8